**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PETER R. TIA,<br><br>              Plaintiff,<br><br>         v.<br><br>CORECIVIC, et al.,<br><br>              Defendants. | NO. CV 19-4545 ODW (AS)<br><br>**ORDER TO SHOW CAUSE WHY PETITIONER SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT** |

On June 17, 2019, Plaintiff Peter R. Tia filed a Request to Proceed In Forma Pauperis ("IFP") along with a purported civil rights complaint against CoreCivic (formerly the Corrections Corporation of America), a private corporation that owns and manages private prisons and detention centers, the "CoreCivic Mormon Mafias," and the Aryan Brotherhood. (Dkt. Nos. 2-3). In his Complaint, Plaintiff alleges that on May 17, 2019, he posted on Facebook "a warning to all women out in society not to make the mistake of sharing any good feelings they may have for [Plaintiff] online" because the Defendants would rape them. (Complaint at 5 & Exh. 1). Plaintiff asserts that the next day his cousin "retaliated" against Plaintiff for the Defendants by posting "a dialogue video stating plaintiff is a bitch." (Id. at 5).

Plaintiff contends this action violated his First and Fourteenth Amendment rights. (Id.). Plaintiff further alleges Defendants have subjected him to RICO Act violations by "sex trafficking women who were trying to have relations with [Plaintiff] at church and other public places[.]" (Id.). Plaintiff believes Defendants have subjected him to "vendettas" because while jailed in Hawaii he once beat up a child molester "who was tied to Hawaiian Mafias who are tied to CoreCivic." (Id.). Plaintiff seeks a "gang injunction" to remedy the alleged constitutional violations. (Id. at 6).

Plaintiff's allegations are obviously frivolous, see Denton v. Hernandez, 504 U.S. 25, 33 (1992) (A "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"), and if this was an isolated matter, the Court would recommend denying Plaintiff's IFP request and take no further action. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." (citation and internal quotation marks omitted)); 28 U.S.C. § 1915(e)(2)(B) (court shall dismiss in forma pauperis case at any time it determines the action: "(i) is frivolous or malicious; [¶] (ii) fails to state a claim on which relief may be granted; [¶] or (iii) seeks monetary relief against a defendant who is immune from such relief."). However, this is far from an isolated matter. Plaintiff, who by his own admission has filed "over 100" federal lawsuits (Complaint at 1), has repeatedly filed frivolous actions in this Court. Nor are Plaintiff's frivolous filings limited to this Court. For

instance, on April 14, 2016, the Ninth Circuit entered a pre-filing review order against Plaintiff in an attempt to stem Plaintiff's "practice of burdening this court with meritless litigation[.]"[1] See In re Tia, United States Court of Appeals for the Ninth Circuit Case No. 15-80222 (Dkt. Nos. 2-3).

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007); see also Weissman v. Quail Lodge, Inc., 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation"); De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) ("We recognize that '[t]here is strong

---

[1] Plaintiff also filed numerous actions in Hawaii while he was incarcerated there, including actions that were dismissed as frivolous – see, e.g., Tia v. Criminal Demand As Set Forth Per Investigation, United States District Court for the District of Hawaii case no. 10-0441 DAE/BMK (dismissing complaint as frivolous and for failure to state a claim) and Tia v. Criminal Investigation Demanded As Set Forth, United States District Court for the District of Hawaii case no. 10-0383 SOM/BMK (dismissing complaint as frivolous and for failure to state a claim), affirmed by, Tia v. Criminal Investigation Demanded As Set Forth, Ninth Circuit case no. 10-16979 – as well as cases denying Plaintiff IFP status pursuant to The Prison Litigation Reform Act of 1995's "Three Strikes" provision, 28 U.S.C. § 1915(g). See, e.g., Tia v. Head of the United States Court of Appeals for the Ninth Circuit, 2017 WL 2951423 (D. Haw. 2017) (finding Plaintiff "has accrued three strikes under § 1915(g), has been notified of these strikes, and may not proceed in a civil action without concurrent payment of the civil filing fee unless he plausibly alleges that he was in imminent danger of serious physical injury when he filed suit" and also concluding Plaintiff's claim was implausible and legally frivolous (footnote omitted)); Tia v. Uehara, 2017 WL 2882697 (D. Haw. 2017) (denying IFP status pursuant to 28 U.S.C. § 1915(g)); Tia v. Halawa Corr. Facility Mafia, 2017 WL 2312473 (D. Haw. 2017) (same).

precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.'" (citation omitted)). Similarly, Local Rule 83-8.2 provides that the Court may declare a party to be a vexatious litigant, stating:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Local Rule 83-8.2. "Any order issued under [Local Rule] 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Local Rule 83-8.3; see also DeLong, 912 F.2d at 1147 (To support a vexatious litigant finding, "[a]t the least, the records needs to show, in some manner, that the litigant's activities were numerous or abusive.").

4

"[P]re-filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case." Weissman, 179 F.3d at 1197. However, "pre-filing orders are an extreme remedy that should rarely be used." Molski, 500 F.3d at 1057; De Long, 912 F.2d at 1147. A pre-filing order is permissible only if the Court: (1) provides notice and an opportunity to be heard before entering the order; (2) compiles "an adequate record for review[,]" including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed"; and (3) makes "'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" De Long, 912 F.2d at 1147-48 (citations omitted); Molski, 500 F.3d at 1057. "Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Molski, 500 F.3d at 1057 (quoting De Long, 912 F.2d at 1148).

Here, in addition to the pending matter, Plaintiff has filed a series of frivolous actions in this Court, including: Tia v. CoreCivic, CV 18-5387 AG(AGR); Tia v. CoreCivic, CV 18-5387 ODW(AS); Tia v. Chapman, CV 18-7926 ODW(AS); Tia v. CoreCivic, CV 18-7928 ODW(AS); Tia v. CoreCivic, CV 18-10103 ODW(AS); Tia v. CoreCivic, CV 18-10487 ODW(AS); Tia v. CoreCivic, CV 18-10788 ODW(AS); Tia v. Public Defender, CV 19-1144 ODW(AS); Tia v. Soc. Sec. Admin., CV 19-3653 ODW(AS); Tia v. Magallanes, CV 19-3661 ODW(AS); and Tia v. FBI Office in Kapolei, Hawaii, 19-5306 ODW(AS). In each of these cases, Plaintiff's IFP Request was denied and the action dismissed because of the frivolous

nature of the allegations raised.² For instance, many of these actions, like the pending matter, share common defendants – such as CoreCivic – and common allegations of a multi-state conspiracy to harm Plaintiff.³ As this litigation history shows, Plaintiff has demonstrated a pattern of filing frivolous lawsuits against a variety of defendants, and he has left little doubt this pattern will continue unless protective measures are taken. Thus, an order preventing Plaintiff from filing any future pro se complaints against any defendant, without court permission, may be appropriate.

If Plaintiff is found to be a vexatious litigant, the Court may recommend that the District Judge issue an order directing the Clerk of this Court not to accept for filing any further pro se complaints or IFP applications from Plaintiff unless he first obtains leave from a Judge of this Court to bring the action. If the District Judge issues a vexatious litigant order, to file any new action, Plaintiff will

---

² Additionally, numerous other actions Plaintiff filed were dismissed because he did not submit proper or complete IFP Requests. See Tia v. CoreCivic, CV 18-2270 ODW(AS); Tia v. Chapman, CV 18-9035 ODW(AS); Tia v. CoreCivic, CV 18-10102 ODW(AS); Tia v. CoreCivic, CV 18-10351 ODW(AS); Tia v. Metro. Det. Ctr., CV 18-5387 ODW(AS); Tia v. Staggs, CV 19-0083 ODW(AS); Tia v. Fragi, CV 19-0153 ODW(AS); Tia v. CoreCivic, CV 19-0227 ODW(AS); Tia v. Galli, CV 19-1835 ODW(AS); Tia v. Aryan Bhd., CV 19-2554 ODW(AS). Had Plaintiff submitted the proper paperwork, many of these Complaints would have been dismissed as frivolous as well.

³ According to Plaintiff, these attempts to harm him have included instances in which: he has been denied job opportunities; his disability benefits have been reduced; he has been falsely imprisoned; female acquaintances and family members have been raped and prostituted; and he has been prevented from patenting his ideas to, among other things, prevent global warming and cure muscular dystrophy, cancer, and leukemia.

first be required to file a motion for leave to file a complaint or petition. Plaintiff must submit a copy of the Magistrate Judge's vexatious litigant recommendation, the District Judge's vexatious litigant order, and a copy of the proposed complaint or petition with any such motion. If the Court does not grant Plaintiff written permission to file the complaint or petition within 30 days of the date of his motion, permission will be deemed denied.

Plaintiff is hereby ORDERED to file a written response to this Order to Show Cause within 14 days of the date of this Order. Plaintiff must demonstrate to the Court grounds to controvert the findings above, absent which it is likely that Plaintiff will be deemed a vexatious litigant.

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his current address of record.

IT IS SO ORDERED.

DATED: July 1, 2019

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE